IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCALA'S ORIGINAL BEEF<br>& SAUSAGE COMPANY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAELANGELO ALVAREZ d/b/a<br>MICHAELANGELO FOODS,<br>and MICHAELANGELO FOODS, LLC,<br><br>    Defendant. | No. _____<br><br>District Judge _____<br><br>Magistrate Judge _____ |

**VERIFIED COMPLAINT**

Scala's Original Beef & Sausage Company, LLC ("Scala's Original") for its Verified Complaint against defendants Michaelangelo Alvarez d/b/a Michaelangelo Foods and MichaelAngelo Foods, LLC states as follows:

1. This is an action for trademark infringement and unfair competition under the Lanham Act and for related violations of the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as for a declaratory judgment. The defendants are junior users of the trademark "Scala's" for Italian-style giardiniera. The defendants were formerly licensed to use that mark by the then-owner of the mark, Scala Packing Co., Inc. ("SPCI"). SPCI terminated the defendants' license to use that mark in August 2009, however. SPCI then sold to the plaintiff Scala's Original all rights in that trademark. In the meantime, even though SPCI terminated the defendants' license to use the "Scala's" trademark, not only have the defendants continued to use that trademark in their marketing of giardiniera products and declined to accede to demands to cease that usage, they

have threatened Scala's Original with legal action if Scala's Original exercises its rights to sell giardiniera under the Scala's mark.

## Parties

2.  Plaintiff Scala's Original Beef & Sausage Company, LLC ("Scala's Original") is a limited liability company formed under the laws of the State of Delaware and licensed to do business in Illinois, among other places.

3.  Defendant Michaelangelo Alvarez ("Alvarez") is a citizen of the state of Illinois who has operated a sole proprietorship doing business as Michaelangelo Foods ("MAF"). On information and belief, Alvarez resides within this District.

4.  MichaelAngelo Foods, LLC ("MAF, LLC") is a limited liability company formed on March 17, 2009 under the laws of the State of Illinois. The Manager of MAF, LLC is Alvarez. The offices of MAF, LLC are located within the City of Chicago.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over the claims arising under the Lanham Act asserted in Counts I, II, and V of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. This Court has subject matter jurisdiction over the claims arising under Illinois state law asserted in Counts III, IV, and V pursuant to 28 U.S.C. § 1331 and § 1367.

6.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The defendants reside in this District and a substantial part of the acts committed by the defendants upon which the claims are based took part in the District.

**Background Facts**

7.      On information and belief, in approximately 1925, Pasquale Scala founded a sole proprietorship under the name "Scala Packing Company" as a purveyor of various Italian-American style meats and related food products and sold those products under the "Scala's" name. In 1949, Pasquale Scala incorporated that business under the name, Scala Packing Co., Inc. ("SPCI"). From 1949 until 2009, SPCI sold various Italian-style food and delicatessen products using the common law trademark "Scala's" throughout the greater Chicago metropolitan area, as well as in various other locations within the United States.

8.      On information and belief, for many decades SPCI has sold meats and sausages under the "Scala's" and "Scala's Preferred" trademarks. "Scala's" is one of the leading brands of Italian beef and Italian gravy sold within the Chicago metropolitan area and nationally.

9.      SPCI distributed its meats and other food products on a wholesale basis both to (a) restaurants and beef-stands, which incorporated those products into sandwiches and other food preparations sold at retail, and (b) grocery stores and delicatessens, for resale directly to consumers, for home preparation purposes.

10.     On information and belief, starting in approximately 1960, SPCI sold bottled giardiniera under the "Scala's" and "Scala's Preferred" brands throughout the greater Chicago metropolitan area and nationally. Giardiniera is a salad in which various vegetables – such as celery, cauliflower, peppers, olives, and carrots – are pickled in vinegar or a vinegar-oil dressing. Giardiniera is a typical garnish for sandwiches of Italian beef, sausage, or meatballs.

11.     The marks "Scala's" and "Scala's Preferred" have attained widespread and favorable public acceptance, recognition, and goodwill throughout the Chicago metropolitan area and throughout the United States. The marks "Scala's" and "Scala's Preferred" have become

3

well-known, in association with various Italian-American food items sold by SPCI, including giardiniera, meats, and sausages, both to businesses such as restaurants, beef-stands, grocery stores and delicatessens that resell the products and to the consuming public who buy from those businesses.

12.     On information and belief, at least since 1940, Pasquale Scala and then SPCI used a fanciful script, in the form depicted on Exhibit A, to display its "Scala's" mark.

13.     On information and belief, Exhibit A is a true and correct copy of the form of label that SPCI used for its "Mild Mix" Giardiniera in recent years. In addition to the "Scala's" mark in the fanciful script and the flourished band, other distinctive features of that label include:

   a. the word "Ahh…talian";

   b. the use of red lettering for the "Scala's" mark;

   c. text immediately above the nutrition facts, reading:

   > Scala's Giardiniera is an old Italian Pepper Salad recipe made famous in Chicago. Served with Scala's Italian Beef, Italian Sausage & Italian Meatball Sandwiches.

   d. the following text, displayed immediately below the "Scala's Preferred":



(See Ex. A.)

14.     Except for the substitution of the words "hot" for "mild," the label historically used by SPCI on packages of its hot-mix giardiniera was in all material respects identical to

4

Exhibit A, and included the same "Scala's" mark in fanciful script and the flourished band, as well as the distinctive features identified in subparagraphs (a)-(d) of paragraph 13.

15.     On information and belief, in August 28, 2007, SPCI filed two applications with the United States Patent and Trademark Office to register "Scala's Preferred" as a trademark for enumerated Italian style food products – (a) application no. 77265835 to use the words "Scala's Preferred" as a standard character mark; and (b) application no. 77265928 for a "design plus mark," to use the word's "Scala's" in fanciful script with the word "Preferred" appearing in block letters within a band below, as depicted on Exhibit A.

16.     On September 23, 2008, SPCI received federal registration nos. 3,500,974 ("the '974 Trademark") and 3,503,926 ("the '926 Trademark"), respectively, for the two forms of "Scala's Preferred" trademark for which it applied. Both trademarks are for use on "cheese; *vegetable salads*; processed peppers; sausages; beef; beef patties; prepared beef; [and] meatballs." (Emphasis added.) True and correct copies of those federal registrations are attached hereto as Exhibits B and C, respectively, and incorporated herein by reference.

17.     On information and belief, effective August 25, 2008, SPCI issued a license in the name of defendant Alvarez d/b/a MAF to use the "Scala's" trademark in connection with the sale of "prepared vegetables." A true and correct copy of the license agreement is contained in Exhibit D and incorporated herein by reference.

18.     The license agreement did not contain any durational limits or identify any specific events that would result in termination of the agreement. (See Ex. D.) As such, under the governing Illinois law, the license agreement was terminable at will. *See, e.g., A.T.N., Inc. v. McAirlaid's Vliesstoffe GMBH*, 557 F.3d 483, 486 (7th Cir. 2009), *following Jesperson v. Minnesota Mining & Mfg. Co.*, 183 Ill. 2d 290, 294-95, 700 N.E.2d 1014, 1016-17 (1998).

19. On August 12, 2009, SPCI terminated the license that it had issued in the name of Alvarez d/b/a MAF to use the "Scala's" trademark. A true and correct copy of SPCI's notice to Alvarez of the license termination is attached hereto as Exhibit E and incorporated herein by reference.

20. On November 5, 2009, SPCI and Scala's Original entered into an Asset Purchase Agreement for Scala's Original to acquire, among other assets, "all trademarks, trade names, logos, service marks, brand marks, brand names, [and] domain names" of SPCI's, as well as all goodwill relating to those assets. Among the trademarks encompassed by the Asset Purchase Agreement are the federally registered '974 and '926 Trademarks, as well as the right to use the common law mark "Scala's" and the style of label depicted on Exhibit A. The closing of the Asset Purchase Agreement took place on November 23, 2009.

21. Pursuant to the rights acquired in the Asset Purchase Agreement, immediately following the closing of that transaction, Scala's Original has been the selling various Italian food items, previously sold by SPCI, under the "Scala's Preferred" federally registered marks, and using labels in a form substantially similar to those previously used by SPCI. Scala's Original sells those products to the same types of customers previously served by SPCI – i.e., restaurants, beef-stands, grocery stores, and delicatessens. Scala's Original promotes its products on the internet, under the domain name www.scalasoriginal.com. The domain name for SPCI's former site, www.scalasbeef.com, now redirects customers to the Scala's Original site. In addition to selling meats and sausages under the Scala's marks, Scala's Original intends to sell vegetable products, including giardiniera, under those marks.

22. Despite the termination of the license, Alvarez, MAF and/or MAF, LLC continue to use the "Scala's" mark to sell and market their giardiniera products to wholesale customers in

6

the Chicago area, who then resell them to the consuming public in containers displaying the defendants' label. Exhibit F hereto is a true and correct copy of a label currently being used by the defendants on the containers of giardiniera that they sell wholesale for resale in those containers to consumers.

23. In addition to using the "Scala's" name to market their giardiniera products, the defendants' label also continues to display that name in a similar script used historically by SPCI and protected by the '926 Trademark. (See Ex. F.)

24. The defendants' label is confusingly similar to the labels historically used by SPCI – the rights to which are now owned by Scala's Original – in the following additional ways, among others:

a. The defendants' label displays the words "Ah…" and "That's Italian" in a manner calculated to mimic the "Ahh…talian" that has historically appeared on SPCI's label;

b. The defendants' labels uses the same red lettering for the word "Scala's" that has historically been used on SPCI's label;

c. The defendants' label displays the identical text above the nutrition facts –

> Scala's Giardiniera is an old Italian Pepper Salad recipe made famous in Chicago. Served with Scala's Italian Beef, Italian Sausage & Italian Meatball Sandwiches

that has historically appeared on SPCI's label in the same location, falsely implying that the defendants' products have an ongoing affiliation with "Scala's" brand Italian beef, sausage, and meatballs; and

d. The content, format, and appearance – including the font – of the six lines below the word "Scala's" on the defendants' label is identical to that of

7

SPCI's, substituting only "Michaelangelo Foods" for "Scala Packing Co." and the defendants' domain name for SPCI's:



(Compare Ex. F with Ex. A.)

25. Similarly, the defendants' website improperly uses the "Scala's" trademark and otherwise engages in unfair and deceptive practices to promote its products. A true and correct copy of a print-out of the defendants' website is attached hereto as Exhibit G, and incorporated herein by reference. Among the infringing and improper usages of the "Scala's" trademark, as well as unfair and deceptive practices, on the defendants' website are:

    a. the domain name, www.scalasgiardiniera.com;

    b. the "Ahh… That's Italian" appearing in the upper portion of each webpage, similar to the "Ahh…talian" associated with SPCI's products;

    c. the use of a fanciful script to display the "Scala's" name that is similar to the script protected by the '926 Trademark;

    d. the content of the homepage suggesting an ongoing affiliation and sponsorship with SPCI, including the first two narrative paragraphs of the homepage, in which the defendants invoke the historical antecedents of Pasquale Scala and Scala Packing Company;

    e. the references throughout the website to "Scala's Giardiniera"; and

    f. the reproduced images on the website of the defendants' label.

In addition, the defendants utilize two other domain names, www.scalasitaliansausage.com and www.scalasitalianbeef.com, which direct the user to the www.scalasgiardiniera.com website.

26. On information and belief, the defendants' intent and purpose in their continued use of the "Scala's" trademarks and in their otherwise mimicking the content and appearance of the SPCI product label is to trade on the consumer reputation, recognition, appeal, and goodwill developed by SPCI for its giardiniera and other food products, which reputation and goodwill are among the assets transferred under the Asset Purchase Agreement from SPCI to Scala's Original.

27. The defendants' use of "Scala's" and their other mimicking of the label historically used by SPCI is without the consent of SPCI or Scala's Original and is likely to cause confusion or mistake and to deceive customers and consumers.

28. On October 27, 2009, counsel for Scala's Original sent a letter to the defendants, demanding that they cease and desist in their infringement of the "Scala's" marks and their acts of unfair competition. Exhibit H is a true and correct copy of that letter, which is incorporated herein by reference.

29. By letter from their counsel, the defendants have refused to cease their infringement of the "Scala's" and "Scala's Preferred" marks or their other acts of unfair competition. Exhibit I is a true and correct copy of the letter from the defendants' counsel in which they state that refusal, and is incorporated herein by reference.

30. On information and belief, the defendants have infringed the subject trademarks and otherwise mimicked the appearance of the SPCI label knowingly and willfully despite knowledge of SPCI's and Scala's Original's superior rights in those marks.

31. The defendants' conduct has caused and will continue to cause – unless temporarily restrained and preliminarily and permanently enjoined by this Court – irreparable

9

damage to Scala's Original. Potential consumers, as well as the restaurants, beef-stands, grocery stores, and delicatessens who are the direct purchasers of both Scala's Original's and defendants' products, are likely to be confused by and to conflate two businesses that both sell Italian-American food products, including giardiniera, under the "Scala's" name, using labels that contain substantially similar content and appearances. Such confusion is likely to divert customers who intended to purchase the products, historically sold by SPCI and which now are being sold by Scala's Original into inadvertently purchasing the defendants' products, resulting in lost sales by Scala's Original. Such confusion may also result in harm to the reputation of the marks and goodwill owned by Scala's Original, if the defendants' products sold under the confusingly similar marks are unsatisfactory, defective, or substandard in any respect. Because it is impossible to determine the amount of money needed to afford complete relief to Scala's Original for the defendants' past and continuing unlawful acts, Scala's Original has no adequate remedy at law.

## COUNT I

## TRADE MARK INFRINGEMENT

32. Scala's Original repeats and realleges paragraphs 1 through 31 as its paragraph 32.

33. Defendants have and, on information and belief, intend to continue to willfully, knowingly, and intentionally violate Scala's Original's rights under 15 U.S.C. § 1114 by their unauthorized infringement of the federally registered '974 and '926 trademarks.

34. By reason of defendants' acts, as alleged above, Scala's Original has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill.

## COUNT II

### FEDERAL UNFAIR COMPETITION

35. Scala's Original repeats and realleges paragraphs 1 through 34 as its paragraph 35.

36. The defendants' use of the Scala's name in connection with its giardiniera products, the content and style of the label that they use for those products, and the content and domain names for their website constitute false designations of origin, false or misleading descriptions of fact and/or false or misleading representations of fact that are likely to cause confusion or to cause mistake, or to deceive as to affiliation, connection, or association as to the origin, sponsorship, or approval of the defendants' goods, and misrepresent the nature, characteristics, and/or qualities of the defendants' or of Scala's Original's goods.

37. The defendants' aforesaid acts constitute willful infringement of Scala's Original's rights in the marks "Scala's" and "Scala's Preferred" in violation of 15 U.S.C. § 1125(a).

## COUNT III

### VIOLATION OF 815 ILCS § 510/1 *ET SEQ.*

38. Scala's Original repeats and realleges its paragraphs 1 through 37 as its paragraph 38.

39. The defendants' use of the "Scala's" mark, their mimicry of the label historically used by SPCI, their use of the www.scalasgiardiniera.com, www.scalasitalianbeef.com, and www.scalasitaliansausage.com domain names, and the content of their labels and website create a likelihood of injury to the business reputation of Scala's Original as the current owner of those rights, and of the dilution of the distinctive quality of the "Scala's Preferred" mark, as registered

11

by SPCI and transferred to Scala's Original, in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*

40. In violation of 815 ILCS § 510/1 *et seq.*, the defendants' use of the "Scala's" mark, their mimicry of the label historically used by SPCI, their use of the www.scalasgiardiniera.com, www.scalasitaliansausage.com, and www.scalasitalianbeef.com domain names, and the content of their label and website are deceptive trade practices. Among other things, those practices cause confusion or misunderstanding as to the source, sponsorship, or approval of the parties' goods, and as to the defendants' affiliation, connection, or association with SPCI and Scala's Original.

## COUNT IV

## VIOLATION OF 815 ILCS § 505/1 *ET SEQ.*

41. Scala's Original repeats and realleges its paragraphs 1 through 40 as its paragraph 41.

42. The defendants' use of the "Scala's" mark, their mimicry of the appearance of the label historically used by SPCI, their domain names, and the content of their label and website are unfair methods of competition and/or an unfair or deceptive acts or practices in that, among other things, they use and employ deception and misrepresentation in the conduct of trade or commerce in violation of the Illinois Consumer Fraud and Deceptive Businesses Act, 815 ILCS § 505/1 *et seq.*

## COUNT V

## DECLARATORY JUDGMENT

43. Scala's Original repeats and realleges its paragraphs 1 through 42 as its paragraph 43.

44. In his letter of November 9, 2009, the defendants' lawyer opined that the August 25, 2008 license agreement bars SPCI from competing with MAF and selling giardiniera, and contends that Scala's Original is ostensibly bound by that noncompetition agreement. (See Ex. I at 1.)

45. In the letter, the defendants' lawyer also stated that the defendants would "initiate legal proceedings" against Scala's Original (and SPCI) to enforce the rights that he contends the defendants have acquired by contract from SPCI, and set a deadline of November 20, 2009 for Scala's Original to provide "written assurances" that it would not distribute giardiniera under the "'Scala's Preferred' marks, or any mark that is confusingly similar to MAF's mark." (See Ex. I at 1-2.)

46. Contrary to the contentions contained within the letter of defendants' attorney, the defendants do not have the rights claimed in that letter. SPCI's license agreement with Alvarez d/b/a MAF – including the right to use "the Scala name, logo and any other intellectual property" and the agreement "not to compete with MAF" – was for an indefinite period. As such, under the applicable Illinois law, the license agreement was terminable at will.

47. Alternately, or in addition, SPCI had cause to terminate the license to Alvarez d/b/a MAF. On information and belief, Alvarez engaged in various acts of misconduct, including acts of dishonesty, that had the potential to bring the "Scala's" name and marks into disrepute, which constituted good cause to terminate the license.

48. SPCI properly terminated the license on August 12, 2009. As such, the rights claimed by the defendants to use the Scala's marks and to exclusively sell giardiniera under those marks terminated effective August 12, 2009.

49.  Accordingly, the Asset Purchase Agreement between SPCI and Scala's Original validly transferred to Scala's Original all rights in SPCI's marks, including the right to sell and distribute giardiniera under the "Scala's" and "Scala's Preferred" marks.

50.  A genuine dispute has arisen between Scala's Original and the defendants regarding whether Scala's Original is entitled to sell and distribute giardiniera under the "Scala's" and "Scala's Preferred" marks.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff Scala's Original Beef & Sausage Company, LLC prays that this Court:

A.  Find that the defendants have infringed the federally registered trademarks Scala's Preferred® owned by Scala's Original, as well as the common law mark "Scala's," and have engaged in unfair competition and deceptive trade practices;

B.  Order that the defendants and all of their employees, servants, agents, alters egos, and persons in active concert with them be temporarily restrained and preliminarily enjoined during the pendency of this action and permanently enjoined thereafter:

   i.  from using the marks "Scala's Preferred" or "Scala's" in connection with the sale of giardiniera or other food products, including enjoining them from using a similar arbitrary script in the name of any giardiniera or food product that they sell;

   ii.  from labeling giardiniera or other food products in a manner that suggests any affiliation with SPCI or Scala's Original, including requiring the defendants to remove all references on their labels and in any promotional

        or advertising material to the effect that the product should be "serve[d] with Scala's Italian Beef, Italian Sausage, [or] Italian Meatball Sandwiches," or otherwise creating the impression that the defendants' product shares an affiliation, sponsorship, or approval of the purveyor of Scala's Italian Beef, Italian Sausage and/or Italian Meatballs;

    iii. from using the marks "Scala's Preferred or "Scala's" on their website or in their domain names;

    iv. from promoting their products in a manner that suggests any affiliation with SPCI or Scala's Original, including removing all content from their website that refers to Scala Packing Company, SPCI, and Pasquale Scala;

    v. from offering for sale or selling giardiniera or other Italian food products under the Scala's or Scala's Preferred marks, or any confusingly similar marks; and

    vi. from offering for sale or selling giardiniera or other Italian food products using a label in the form of or similar to Exhibit F.

C. Order an accounting of the defendants' profits and award actual and/or statutory damages to Scala's Original, including increased damages for willful violations;

D. Pursuant to 28 U.S.C. 2201(a), declare that SPCI validly terminated its license agreement with Alvarez d/b/a MAF and that SPCI had the right to and did in fact transfer to Scala's Original the rights to use the Scala's and Scala's Preferred marks, and related intellectual property, in connection with the sale of giardiniera;

E. Award punitive or exemplary damages for willful violations;

15

F. Award Scala's Original their attorneys' fees, legal expenses, and costs incurred in this action; and

G. Award such other relief as is just and equitable.

## Jury Demand

Scala's Original Beef & Sausage Company, LLC demands trial by jury of all issues triable to a jury.

                Respectfully submitted,

                Scala's Original Beef & Sausage Company, LLC

                /s/ Marion B. Adler
                Marion B. Adler (madler@rddlaw.net)
                Michael Rachlis (mrachlis@rddlaw.net)
                RACHLIS DURHAM DUFF & ADLER, LLC
                542 South Dearborn Street, Suite 900
                Chicago, Illinois  60605
                312-733-3950

Dated: November 23, 2009

## VERIFICATION

Peter Harrison states upon penalty of perjury that he is a Managing Member of Scala's Original Beef & Sausage Company, LLC and that all of the foregoing facts alleged in the foregoing Verified Complaint are true and correct, except that pleadings made upon "information and belief" are true and correct to the best of his information and belief.

_____
Peter Harrison

11/23/09
_____
Date