IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCALA'S ORIGINAL BEEF & SAUSAGE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAELANGELO ALVAREZ d/b/a MICHAELANGELO FOODS, and MICHAELANGELO FOODS, LLC, <br><br> Defendants. | Case No. 09 CV 7353 <br><br> Judge Robert M. Dow, Jr. |

**DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

NOW COME Defendants MICHAELANGELO ALVAREZ d/b/a MICHAELANGELO FOODS, and MICHAELANGELO FOODS, LLC ("MAF") by and through their attorneys Niro, Scavone, Haller & Niro, Ltd., pursuant to Rules 1.7 and 1.9 of the Illinois Rules of Professional Conduct as well as Local Rule 83.51.9 of the Northern District of Illinois and move this Court to Disqualify Counsel, Michael Rachlis and Rachlis Durham Duff & Adler, LLC from representing plaintiff in this case. In support thereof, Defendants state:

**Statement of Facts**

On December 29, 2005, Defendant Michaelangelo Alvarez and his company filed a complaint in the Circuit Court of Cook County, First Municipal Division against Home Depot U.S.A., Inc. (A true and correct copy of that Complaint is attached hereto as Ex. A) ("2005 Action"). At that time, Mr. Alvarez and his business enterprise were represented by Michael Rachlis, a partner in the law firm of Rachlis Durham Duff & Adler, LLC (Ex. A, p. 9). In fact,

Michael Rachlis' name appears on the Complaint as plaintiff's lead counsel and as attorney for plaintiff on the Summons filed with the Circuit Court (Ex. B).

The nature of that action involved a claim that Home Depot U.S.A., Inc. failed to compensate Mr. Alvarez for construction and food service business performed by him at its North Avenue store in Chicago. Included in that action was a claim that Mr. Alvarez operated "Michaelangelo's Café" near the entrance to the store (Ex. A, p. 4). In that action, Mr. Rachlis and members of his firm conducted settlement negotiations on behalf of Mr. Alvarez and, in fact, settled the action on behalf of Mr. Alvarez. (See Letter of April 6, 2006, Ex. C.)

On November 23, 2009 Michael Rachlis and members of the law firm Rachlis Durham Duff & Adler, LLC filed the instant action against Mr. Alvarez. In fact, Mr. Rachlis's name appears as counsel for plaintiff on the Verified Complaint.

## Argument

Counsel for plaintiff, Michael Rachlis and the firm Rachlis Durham Duff & Adler, LLC should be disqualified from participating in this action. The Rules of Professional Conduct for the Northern District of Illinois ("Local Rules") 1.9 and 1.10 govern matters involving former clients. LR83.51.9 (b) provides that:

> "A lawyer shall not knowingly represent a person in the same or a substantially related matter in which the firm with which the lawyer formerly was associated had previously represented a client, (1) whose interests are materially adverse to that person, and (2) about whom the lawyer had acquired information protected by Rule 1.6 and 1.9(c) that is material to the matter; unless the former client consents after disclosure."

*Van Jackson v. Check "N Go of Illinois, Inc.*, 114 F.Supp.2d 731, 732 (N.D. Ill. 2000). The Committee comments to Local Rule 83.51.9 state:

> "[t]he second aspect of loyalty to a client is the lawyer's obligation to decline subsequent representations involving positions adverse to a former client arising in substantially related matters. This obligation requires abstention from adverse representation by the individual lawyer involved. Information acquired by the

2

lawyer in the course of representing a client may not subsequently be used or revealed by the lawyer to the disadvantage of the client."[1]

Similarly, ABA Model Rule 1.9(a), adopted by Illinois and codified at ILCS S. Ct. Rules of Prof. Conduct, RPC 1.9(a),

> "A lawyer who has formerly represented a client in a matter shall not thereafter: (1) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure; or (2) use information relating to the representation to the disadvantage of the former client, unless: (A) such use is permitted by Rule 1.6; or (B) the information has become generally known."

Further, Illinois RPC Rule 1.7(a) states that,

> "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after disclosure."

The Northern District of Illinois and the Court of Appeals for the Seventh Circuit have determined that while the burden is on the moving party to show the facts warranting disqualification (*Van Jackson*, 114 F.Supp.2d at 732; (citing *Weeks v. Samsung Heavy Industries Co.*, 909 F.Supp. 582, 583 (N.D. Ill. 1996)), any doubts as to the existence of an asserted conflict must be resolved in favor of disqualification. *U.S. v. Goot*, 894 F.2d 231, 235 (7th Cir.1990).

During the 2005 Action, Mr. Alvarez confided in Michael Rachlis and members of his firm confidential information pertaining to his personal finances and his business enterprises. Michael Rachlis and/or other members of his firm regularly interacted with Mr. Alvarez during the 2005 Action. The Seventh Circuit has found that the knowledge possessed by one attorney in a firm is presumed to be shared with the other attorneys at that firm. *LaSalle Nat'l Bank v. County of Lake*, 703 F.2d 252, 257 (7th Cir.1983).

---

[1] See Committee Comments to Local Rule 83.51.9, available at:
http://www.ilnd.uscourts.gov/home/LocalRules.aspx?rtab=ruleofconduct

Rachlis Durham Duff & Adler, LLC is a small firm with only five (5) practicing attorneys. As this Court stated in *Van Jackson*, the size and structural divisions of the law firm involved are factors relevant in determining potential conflicts. *Van Jackson*, 114 F.Supp.2d at 733. Indeed, "the small size of the firm also weighs heavily against an effective screen." *Id.* Because Mr. Rachlis and/or members of his firm, Rachlis Durham Duff & Adler, LLC were privy to confidential information pertaining to Mr. Alvarez's personal finances and his business enterprises, they should be precluded from representing an adverse party in the instant action.

WHEREFORE, Defendants MICHAELANGELO ALVAREZ d/b/a MICHAELANGELO FOODS, and MICHAELANGELO FOODS, LLC, respectfully ask this Court to grant their Motion to Disqualify Michael Rachlis and the law firm of Rachlis Durham Duff & Adler, LLC pursuant to Rules 1.7 and 1.9 of the Illinois Rules of Professional Conduct as well as Local Rule 83.51.9 of the Northern District of Illinois.

Respectfully submitted,

*/s/ William L. Niro*
William L. Niro
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733
Facsimile: (312) 236-1097
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANTS' MOTION TO DISQUALIFY COUNSEL** which was filed electronically with the Court through the Electronics Case Filing System on December 2, 2009 will be sent electronically to the following registered counsel of record as identified on the Notice of Electronic Filing ("NEF"):

>Marion B. Adler (madler@rddlaw.net)
>Michael Rachlis (mrachlis@rddlaw.net)
>RACHLIS DURHAM DUFF & ADLER, LLC
>542 South Dearborn St., Suite 900
>Chicago, IL 60605
>(312) 733-3950
>***Attorneys for Plaintiff***

>*/s/ William L. Niro*